FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

UNITIED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA COURTHOUSE '10 SEP 24 P12 :20

CLERK, U.S. DISTRICT COURT
BY: _____ DEPUTY CLERK
AT WICHITA, KS

BRADY WALSTAD

   Plaintiff

CASE NO. 10-1328-JTM-JPO

Vs

MC NEARNEY & ASSOCIATES, L.L.C.

   Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTAION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. §1692k(d), 15 U.S.C. §1681p and K.S.A. 50-623.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.(FDCPA), the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.(FCRA), and Kansas Statute Annotated 50-623 "Hereafter K.S.A", K.S.A 50-623.

### VENUE

3. Venue is proper in the District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in the Judicial District.

6. Defendant transacts business in this Judicial District.

## PARTIES

7. Plaintiff, Brady Walstad, is a natural Person.

8. Plaintiff resides in the City of Colwich, County of Sedgwick, State of Kansas.

9. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), 15 U.S.C. § 1681a(c) and K.S.A 50-624(b).

10. Defendant Mc Nearney & Associates, L.L.C., is a Kansas company with a resident agent listed as Timothy Mc Nearney.

11. Defendant operates from an address of 6800 College BLVD Suite 400, Overland Park, Kansas 66211.

12. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Defendant is a "person" as a term defined in 15 U.S.C. § 1681a(b) and K.S.A 50-624(i).

14. Defendant is a "supplier" as a term defined in K.S.A 50-624(l).

15. Defendant regular attempts to collect alleged debts owed to others.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

16. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was for personal, family, or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account"), namely a debt allegedly owed to Maryland Bank N.A.

17. The Account was allegedly not paid and it went into default with the creditor.

18. Sometime thereafter, the alleged Account was assigned, placed, sold or otherwise transferred to the Defendant for collection from the Plaintiff.

19. The Plaintiff disputes the Account.

20. On June 10, 2010, Defendant, sent Plaintiff a letter demanding payment of $8,618.20, which violates 15 U.S.C. § 1692e(2) (A) & (B) , 15 U.S.C. § 1692e (10), 15 U.S.C. § 1692f(1), and K.S.A 50-626, by false representation of the character, amount or legal status of any debt and by false representation of any service rendered or compensation which may be lawfully received by any debt collector for collection of any debt. These are Deceptive Acts or Practices.

21. Plaintiff sent a letter back to Defendant, disputing the alleged Account and requesting debt validation.

22. Defendant received Plaintiff's Account dispute and debt validation request letter on June 24, 2010.

23. On September 15, 2010, Defendant sent Plaintiff a letter with some alleged account information in it and none of the information lists the amount demanded by Defendant in the June 10, 2010 letter or shows full accounting of additional charges the Defendant is demanding in the June 10, 2010 letter, which violates 15 U.S.C. § 1692e (2)(A) & (B), 15 U.S.C. § 1692e (10), 15 U.S.C. § 1692f (1), and K.S.A 50-626, by false representation of the character, amount or legal status of any debt and by false representation of any service rendered or compensation which may be lawfully received by any debt collector for collection of any debt. These are Deceptive Acts or Practices.

24. The September 15, 2010, letter also didn't validate the alleged Account, because the information didn't come from the Original Creditor, after Plaintiff made the Debt validation request to Defendant. The letter states: " IF you want to workout a repayment plan on this account, please contact your account representative with this office"

    Defendant's continue collection activity by not validating the alleged Account and trying to work out a payment plan violates 15 U.S.C. § 1692g (b).

25. On June 17, 2010, Defendant twice received Plaintiff's Consumer Report from Experian. Plaintiff has never requested credit from Defendant and the Defendant didn't have permissible purpose to receive Plaintiff's consumer report twice in the same day, which violated 15 U.S.C. § 1681b (a)(3)(A),

15 U.S.C. § 1681b(f), 15 U.S.C. § 1692e (8) and 15 U.S. C. § 1692e (10) X 2.

26. Defendant and its representatives, employees and/or agents above-listed statements and actions constitute unfair practices and violate 15 U.S.C. § 1692f.

27. Plaintiff tried to settle this matter out of court by faxing a letter on September 18, 2010 and September 22, 2010, but Defendant denies any wrong doing.

28. As a consequence of the Defendant's collection activities, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

29. The representatives and/or collectors at the Defendant were employees of and agents of the Defendant, were acting within course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

30. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

31. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered damages.

## JURY TRIAL DEMANDED

The Plaintiff is entitled to and hereby demands a trial by Jury.  US Const. amend. 7., Fed.R.Civ.Pro.38

## DESIGNATION OF THE PLACE OF TRIAL

Plaintiff requests Wichita, Kansas as the place of trial.

## PRAYER

WHEREFORE, the Plaintiff prays that the Court grants the following:

1. Actual Damages under 15 U.S.C. § 1692k(a)(1)
2. Statutory Damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A)
3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)
4. Actual Damages of $1,000 under 15 U.S.C. § 1681n (a) (1) (A).
5. Statutory Damages of $1,000 under 15 U.S.C. § 1681n (a) (1) (B).
6. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1681n (a) (3).
7. Statutory fines and penalties under 15 U.S.C. § 1681q.
8. Punitive damages of $1,000 as allowed in 15 U.S.C. § 1681n (a)(2).
9. Statutory Damages of $10,000 under K.S.A 50-636.
10. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Brady Walstad*

Brady Walstad
PO Box 201
428 Kansas
Colwich, KS 67030
316-796-1283
b.walstad@hotmail.com